IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**TERRELL OMAR GIBSON,**
    Plaintiff,

vs.                                          Case No.: 3:09cv220/LC/MD

**DEPARTMENT OF CORRECTIONS, et al.,**
    Defendants.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff, who is proceeding *pro se*, was granted leave to proceed *in forma pauperis* (doc. 6), without being required to pay an initial partial filing fee (doc. 10). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are

"clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a state inmate currently incarcerated at Century Correctional Institution. He is suing various prison officials, claiming that they violated his constitutional rights when they stole or lost his personal property in 2008, and failed to compensate him for it. As relief, plaintiff seeks monetary damages. (Doc. 1).

Taking plaintiff's allegations in the light most favorable to him, his complaint fails to state a plausible constitutional claim. It is well settled that a prisoner's claim for deprivation of his property does not amount to a violation of due process under the United States Constitution provided that the following two circumstances are present: (1) the deprivation of property resulted from an intentional, non-negligent act of a state employee that is random and unauthorized, rather than pursuant to an established state procedure; and (2) the state provides an adequate post-deprivation remedy for the prisoner's property loss. *Hudson v. Palmer,* 468 U.S. 517, 533, 104

S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The reasoning behind this principle is that if an employee's action is unauthorized, the state cannot predict when it will occur and thus is unable to provide a pre-deprivation due process hearing. In the instant case, plaintiff does not claim that defendants lost or stole his property pursuant to officially authorized procedure. Hence, his claim can only be construed as alleging an intentional, random, and unauthorized act.[1] Additionally, the State of Florida provides adequate post-deprivation remedies whereby plaintiff may sue the defendants in the state courts and recover any damages due him for the loss of his property. *See* Fla.Stat. § 768.28. As the allegations of plaintiff's complaint fail to state a due process claim that is plausible on its face, the complaint should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 8th day of October, 2009.

/s/ *Miles Davis*
    MILES DAVIS
    UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] If plaintiff is claiming that prison officials negligently lost his property, he has failed to state a constitutional claim. Mere negligence by prison officials may state a claim under state law, but is insufficient to establish a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 333 (1986).